**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY MORGAN, <br><br> Plaintiff, <br><br> v. <br><br> OPIANT PHARMACEUTICALS, INC., ANN MACDOUGALL, CRAIG COLLARD, GABRIELLE A. SILVER, MICHAEL SINCLAIR, RICHARD J. DALY, ROGER CRYSTAL, THOMAS T. THOMAS, and LORIANNE MASUOKA, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Anthony Morgan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Opiant Pharmaceuticals, Inc. ("Opiant" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Indivior Inc. ("Indivior").[1]

2. On November 13, 2022, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Indivior and its indirect, wholly owned subsidiary, Olive

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Acquisition Subsidiary, Inc. The Merger Agreement provides that Opiant stockholders will receive (a) $20.00 in cash and (b) one contingent value right ("CVR") representing four contingent cash payments with an aggregate maximum amount payable of $8.00 if certain milestones are achieved, per share of Company common stock.

3.  The Company's corporate directors subsequently authorized the January 4, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4.  It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[2]

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question

---

[2] The stockholder vote on the Proposed Transaction currently is scheduled for March 1, 2023.

jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Opiant common stock.

10.     Defendant Opiant is a Delaware corporation with its principal executive offices located at 233 Wilshire Boulevard, Suite 400, Santa Monica, California 90401. Opiant's shares trade on the Nasdaq Capital Market under the ticker symbol "OPNT." Opiant is a specialty pharmaceutical company focused on developing medicines for addictions and drug overdose. The Company developed NARCAN (naloxone hydrochloride) nasal spray, a treatment to reverse opioid overdoses. NARCAN was conceived and developed by the Company, licensed to Adapt Pharma Operations Limited, an Ireland based pharmaceutical company in December 2014 and approved by the U.S. Food and Drug Administration in November 2015. Oviant's pipeline of product candidates includes medicines for the treatment for opioid overdose reversal, alcohol use disorders, acute cannabinoid overdose and opioid use disorders.

11.     Defendant Ann MacDougall is and has been a director of the Company at all times relevant hereto.

12.     Defendant Craig Collard is and has been Chairman of the Board and a director of

the Company at all times relevant hereto.

13. Defendant Gabrielle A. Silver is and has been a director of the Company at all times relevant hereto.

14. Defendant Michael Sinclair is and has been a director of the Company at all times relevant hereto.

15. Defendant Richard J. Daly is and has been a director of the Company at all times relevant hereto.

16. Defendant Roger Crystal is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

17. Defendant Thomas T. Thomas is and has been a director of the Company at all times relevant hereto.

18. Defendant Lorianne Masuoka is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On November 14, 2022, the Company and Indivior jointly announced in relevant part:

> RICHMOND, Va., Nov. 14, 2022 /PRNewswire/ -- Indivior PLC (LON: INDV) ("Indivior" or the "Company") and Opiant Pharmaceuticals, Inc. (NASDAQ: OPNT) ("Opiant") today announced that the companies have entered into a definitive agreement under which Indivior will acquire Opiant for an upfront consideration of $20.00 per share, in cash (approximately $145 million in aggregate), plus up to $8.00 per share in contingent value rights ("CVRs") that may become payable in the event that certain net revenue milestones are achieved during the relevant seven-year period by OPNT003 after its approval and launch. The

transaction has been unanimously approved by the boards of directors of each company.

"Our work in combatting addiction has never been more critical, with overdose deaths in the United States occurring at near record numbers[1]," said Mark Crossley, Chief Executive Officer of Indivior. "Opiant's portfolio of product candidates is an excellent strategic fit that diversifies and strengthens our offerings, while Indivior's strong commercial capabilities are expected to propel a combined product pipeline with the potential to help patients along a continuum from substance use disorder and rescue to recovery. The combination with Opiant will provide Indivior with one of the most comprehensive and relevant treatment platforms to address the ongoing U.S. opioid and overdose epidemic and extends our leadership position in addiction treatments. We look forward to working with Opiant's talented team as we undertake our shared mission of changing patients' lives through access to life-transforming treatment for substance use disorders."

"We are pleased to have reached an agreement that reflects the great potential Opiant has created with OPNT003 and our pipeline of medicines," said Roger Crystal, M.D., Opiant's President and Chief Executive Officer. "This transaction combines Opiant with an organization that shares our patient-focused mindset, and we believe creates immediate value for patients, our employees and our stockholders. It will enable us to leverage Indivior's global scale, commercial strength and scientific expertise to accelerate our mission to create best-in-class medicines for the treatment of substance use disorders and drug overdose."

Opiant is a biopharmaceutical company developing treatments for addiction and drug overdose leveraging intranasal and injectable delivery technologies. Opiant contributed to the development of the formulation of NARCAN® Nasal Spray, a treatment to reverse opioid overdose. In addition to OPNT003, nasal nalmefene, the pipeline includes OPNT002, nasal naltrexone, which is currently in a Phase II trial to assess its potential as a treatment for alcohol drinking and cravings, and OPNT004, a CB-1 antagonist in preclinical development as a potential injectable treatment for acute cannabinoid overdose ("ACO").

OPNT003 is an investigational opioid overdose reversal agent that Opiant has been developing alongside a worsening opioid crisis, driven by the increased prevalence of synthetic opioids, such as illicit fentanyl. These powerful drugs are responsible for the surge of overdose deaths in the United States (103,000-plus overdose deaths reported in the latest annual period, of which over 75% were driven by opioids, mainly fentanyl and synthetic opioids[1]). OPNT003 is designed to be used by non-healthcare individuals and delivered intranasally. Observations from multiple clinical studies reinforce its potential rapid onset and long duration of action. Opiant received FDA Fast Track Designation for OPNT003 in November 2021 and is expected to complete its New Drug Application ("NDA") submission for OPNT003 with the FDA in the fourth quarter of 2022. Subject to approval by the FDA,

anticipated approval for a fast-track application is third quarter 2023, with launch in the United States expected in the ensuing months.

**Transaction Details**

Under the terms of the merger agreement, Indivior will acquire all outstanding shares of Opiant for upfront consideration of $20.00 per share in cash, plus up to $8.00 per share in contingent value rights ("CVRs") that may become payable in the event that certain net revenue milestones are achieved by Opiant's lead asset (OPNT003) during the relevant seven-year period. Indivior expects to fund the aggregate upfront consideration of approximately $145 million with existing cash.

Pursuant to the CVRs, Indivior would pay $2.00 per CVR if OPNT003 achieves the following net revenue thresholds during any period of four consecutive quarters prior to the seventh anniversary of the U.S. commercial launch: (i) $225 million, (ii) $300 million, and (iii) $325 million. The remaining (iv) $2.00 per CVR would be paid if OPNT003 achieves net revenue of $250 million during any period of four consecutive quarters prior to the third anniversary of the U.S. commercial launch. The maximum amount payable by Indivior should OPNT003 achieve all four CVRs would be an additional approximately $68 million.

The transaction is subject to customary closing conditions, including US antitrust clearance, clearance by the Committee on Foreign Investment in the United States (CFIUS) and receipt of approval of Opiant's stockholders. The members of the Board of Directors of Opiant, who hold approximately 4.5% of the outstanding Opiant shares, have entered into a voting agreement with Indivior and agreed to vote their shares in favor of the transaction. Pending approvals, the parties anticipate completing the transaction in the first quarter of 2023.

**Compelling Strategic and Financial Rationale**

The transaction brings together two companies with the leadership, resources, pipeline and history of success to introduce new potentially life-changing addiction treatments, while also delivering the potential to increase net revenue and drive shareholder value. With an enhanced portfolio, Indivior will benefit from:

- **Strengthened and Extended Leadership in Addiction Treatment and Science:** OPNT003 is highly complementary to SUBLOCADE® (buprenorphine extended-release) Injection for subcutaneous release (CIII) to include both evidence-based treatment and overdose rescue options. The addition of OPNT003 provides Indivior with one of the most comprehensive and relevant treatment platforms to address the ongoing US opioid and overdose epidemic and enhances its portfolio of addiction treatments. Specifically, Opiant brings new formulation and nasal drug development capabilities as well as a pipeline of earlier-stage assets to

  potentially treat other substance use disorders, including Alcohol Use Disorder, Acute Cannabinoid Overdose and Opioid Use Disorder (OUD).

- **A New and Attractive Growth Avenue**: OPNT003 diversifies Indivior's portfolio with a potential highly relevant treatment for opioid overdose rescue. OPNT003 is uniquely suited as a potential treatment for opioid overdose, including synthetic opioids, such as fentanyl, which accounted for over 75% of reported U.S. overdose deaths in the twelve-month period ending April 2022[1]. NARCAN® Nasal Spray, the current standard of care for opioid overdose rescue, had peak net revenue of over $400 million in FY 2021[2] prior to generic entry in December that year. Indivior believes the unique clinical profile of OPNT003 supports the potential for this treatment to deliver annual net revenue of $150 million to $250 million.

- **Robust Commercial and Scientific Capabilities:** Bringing together the commercial and scientific capabilities and expertise of both companies creates an opportunity to accelerate uptake of OPNT003 upon commercialization. Indivior intends to leverage capabilities in payor access as well as its commercial footprint in Organized Health Systems (OHS) to further optimize the launch. These efforts will be supported by deep advocacy partnerships and a R&D organization that has been focused on innovating and advancing paradigm-changing OUD treatment options for more than 20 years. Opiant's other clinical and pre-clinical pipeline assets are expected to benefit further from Indivior's longstanding leadership and relationships in addiction science. Indivior will benefit from Opiant's commercial leadership with recent experience in the overdose rescue market as well as significant expertise in nasal delivery technology.

- **Attractive Financial Profile**: Successful commercialization of OPNT003 is expected to be accretive to Indivior's earnings after the second full year of launch.

**Opiant Products & Pipeline**

**Overdose Reversal (OPNT003)**

OPNT003 is a patented intranasal nalmefene formulation that utilizes an absorption-enhancing technology (Intravail®) to enhance its pharmacodynamic profile leading to the potential to act more quickly and last longer when compared with certain naloxone-based rescue agents such as NARCAN® Nasal Spray. Its clinical profile has the potential to be beneficial given the proliferation of illicit fentanyl and other powerful and illegally made synthetic opioids. OPNT003 is covered by one issued patent for the absorption technology (expiry 2025) and one patent application covering formulation (expiry 2037), along with other patent applications. Development of the OPNT003 program is being partially funded by a grant from the National Institute on Drug Abuse (NIDA), an institute of the

National Institutes of Health, and a contract from the Biological Advanced Research and Development Agency (BARDA).

**Alcohol Use Disorder (OPNT002)**

OPNT002 is an investigational nasal naltrexone product targeting Alcohol Use Disorder that is in Phase 2 for the reduction of alcohol consumption or "craving." The target profile is a self-administered "on-demand" medication.

**Pre-Clinical**

Opiant has one preclinical program, drinabant, a CB-1 receptor antagonist for Acute Cannabinoid Overdose (OPNT004).

The person responsible for making this announcement is Kathryn Hudson, Company Secretary.

**Advisors**

Centerview Partners is serving as financial advisor to Indivior, and Covington & Burling LLP is serving as legal advisor to Indivior. Lazard Frères & Co. LLC is serving as financial advisor to Opiant and Latham & Watkins LLP is serving as legal advisor to Opiant.

**The Materially Incomplete and Misleading Proxy Statement**

21.    The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 14, 2023. The Proxy Statement, which recommends that Opiant stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Lazard Frères & Co. LLC ("Lazard"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company*

22.    The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the Company's projected Unlevered Free Cash Flow over

the projection period for the Company's "November 2021 Forecasts," "January 2022 Forecasts," and "August 2022 Forecasts," to the extent it was calculated.

23. The Proxy Statement further fails to disclose all line items underlying forecasted EBIT and Unlevered Free Cash Flow, for each of the Company's financial forecasts.

*Material Misrepresentations and/or Omissions Concerning Lazard's Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning Lazard's financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* performed by Lazard, the Proxy Statement fails to disclose the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

26. With respect to *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis*, each performed by Lazard, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

27. With respect to the *Premia Paid Analysis* performed by Lazard, the Proxy Statement fails to disclose the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

29. Specifically, the Proxy Statement fails to disclose whether any members of Company management have secured, or are expected to secure, positions with the post-close company. Notably, the November 14, 2022 press release announcing the Proposed Transaction quoted Indivior's Chief Executive Officer Mark Crossley as stating, "[w]e look forward to working

9

with Opiant's talented team as we undertake our shared mission of helping people with substance use disorders."

30. The Proxy Statement also fails to disclose whether any of Indivior's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. The Proxy Statement similarly fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Opiant insiders and Indivior, who participated in all such communications, when they occurred and their content.

31. The omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Opinion of Lazard Frères & Co. LLC," "Background of the Merger," and "Interests of the Directors and Executive Officers of Opiant in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Opiant**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made,

omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Opiant is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Opiant within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Opiant and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Opiant, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 2, 2023

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*